## LOVATO v. STATE OF NEW MEXICO.

(Circuit Court of Appeals, Eighth Circuit.  January 4, 1915.)

### No. 4076.

COURTS 405—FEDERAL COURTS—CIRCUIT COURT OF APPEALS—WRIT OF ERROR FROM STATE COURT—PROSECUTION BEGUN IN TERRITORIAL COURT.

New Mexico Enabling Act (Act June 20, 1910, c. 310, 36 Stat. 557) § 14, provides for appeals or writs of error in proceedings previously prosecuted or pending in the Supreme Court of the United States or in the proper Circuit Court of Appeals, on any record from the Supreme Court of the territory, etc.; and section 15 declares that all cases pending and undisposed of in the Supreme Court of the territory at the time of admission shall be transferred to the highest appellate court of the state, and shall be heard and determined thereby, and that appeal to and writ of error from the Supreme Court of the United States shall lie to review all such cases in accordance with the rules and principles applicable to the review by that tribunal of cases determined by state courts. *Held*, that the appellate jurisdiction of the Circuit Court of Appeals under such act was expressly limited to judgments of courts of the territory, and did not extend to decisions of the Supreme Court of the state of New Mexico on appeal from judgments of the territorial courts, though the case was pending in the territorial Supreme Court when the state was admitted; such judgments being reviewable by the Supreme Court of the United States under the same circumstances that that court is given the right to review similar decisions of state courts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1097–1099, 1101, 1103; Dec. Dig. 405.]

On Motion to Quash Writ of Error to the Supreme Court of the State of New Mexico.

Benito Lovato was convicted of an offense, and he brings error. On motion to quash the writ for want of jurisdiction.  Sustained.

Catron & Catron, of Santa Fé, N. M., for plaintiff in error.

Frank W. Clancy, Atty. Gen., for defendant in error.

Before CARLAND, Circuit Judge, and T. C. MUNGER and YOUMANS, District Judges.

T. C. MUNGER, District Judge.  Benito Lovato was convicted of a criminal offense in the district court of the territory of New Mexico, and afterwards prosecuted proceedings to reverse the judgment in the Supreme Court of the territory.  The case was pending in the territorial Supreme Court when New Mexico was admitted to the Union on January 6, 1912, and several months afterwards was submitted to the Supreme Court of the state, and from its decision a writ of error was allowed to this court.

The state of New Mexico has presented a motion to quash the writ

of error, on the ground that this court has no jurisdiction to hear and determine the cause. The plaintiff in error claims that a right of review by this court of the decision of the Supreme Court of the state is given by the provisions of sections 14 and 15 of the act of Congress of June 20, 1910, enabling the people of New Mexico to form a state government (36 Stat. 557, c. 310).

Section 14 is as follows:

"That all cases of appeal or writ of error and all other proceedings heretofore lawfully prosecuted and now pending in the Supreme Court of the United States or in the proper Circuit Court of Appeals upon any record from the Supreme Court of said territory, and all cases of appeal or writ of error and all other proceedings heretofore lawfully prosecuted and now pending in the Supreme Court of the United States upon any record from a district court of said territory or in any matter of habeas corpus upon any return or order of a district judge thereof, and all and singular the cases aforesaid which, hereafter shall be so lawfully prosecuted and remain pending in the Supreme Court of the United States or in the proper Circuit Court of Appeals, may be heard and determined by the Supreme Court of the United States or the proper Circuit Court of Appeals, as the case may be. And the mandate of execution or of further proceedings shall be directed by the Supreme Court of the United States or the Circuit Court of Appeals to the circuit or district court, hereby established within the said state, or to the Supreme Court of such state, as the nature of the case may require. And the circuit, district, and state courts herein named shall respectively be the successors of the Supreme Court and of the district courts of the said territory as to all such cases arising within the limits embraced within the jurisdiction of said courts, respectively, with full power to proceed with the same and award mesne or final process therein; and that from all judgments and decrees or other determinations of any court of the said territory, in any case begun prior to admission, the parties to such cause shall have the same right to prosecute appeals and writs of error to the Supreme Court of the United States or to the Circuit Court of Appeals as they would have had by law prior to the admission of said state into the Union."

That portion of section 15 which is relied upon is as follows:

"Provided, however, that all cases pending and undisposed of in the Supreme Court of the said territory at the time of the admission thereof as a state shall be transferred, together with the records thereof, to the highest appellate court of the state, and shall be heard and determined thereby, and appeal to and writ of error from the Supreme Court of the United States shall lie to review all such cases in accordance with the rules and principles applicable to the review by that tribunal of cases determined by state courts."

The claim on behalf of plaintiff in error is that the latter portion of section 14, which reads, "and that from all judgments and decrees or other determinations of any court of the said territory, in any case begun prior to admission, the parties to such cause shall have the same right to prosecute appeals and writs of error to the Supreme Court of the United States or to the Circuit Court of Appeals as they would have had by law prior to the admission of said state into the Union," should be read as if the words "or state" were added to the word "territory," so that the right of review in this court would exist from decisions of the state Supreme Court.

It is argued that, unless this construction of the statute is adopted, the words "in any case begun prior to admission" are meaningless. That conclusion does not follow. The clause "in any case begun prior to admission" may be redundant, because the territorial courts

could not have rendered judgments in any cases except those which had been begun before the admission of the state; but it emphasizes the fact that only judgments of the territorial court may be reviewed by the United States courts. By the proviso quoted from section 15 of the act of Congress, cases pending and undisposed of in the Supreme Court of the territory at the time of the admission of the state are transferred to the Supreme Court of that state, to be there heard and determined. The proviso then gives to such cases, when determined by the state Supreme Court, the same right of review before the Supreme Court of the United States that was given to similar decisions by state courts. Reading the provisions of this act together, it is clear that the right of this court to review decisions of the Supreme Court of the state was not granted by the act of Congress cited, and the review is expressly limited to the judgments of courts of the territory. This conclusion is confirmed, because it is in accord with the history and plan of appellate proceedings from territorial and state courts generally. Sections 702, 703, Rev. Stat.; Act March 3, 1891, c. 517, § 15, 26 Stat. 830.

The motion to quash the writ of error will be sustained.